United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Valeshia Anglin, Plaintiff,<br><br>v.<br><br>Officer GL Trujillo #7316,<br>Defendants. | )<br>)<br>)<br>)  Civil Action No. 23-23752-Civ-Scola<br>)<br>)<br>) |

## Order Denying Motion to Proceed *In Forma Pauperis* and Striking Complaint

Valeshia Anglin filed this lawsuit against the Defendant Officer GL Trujillo #7316, asserting violations of her civil rights, based on, as best the Court can discern, four traffic tickets she received in May 2023. (Compl., ECF No. 1.) Anglin has also asked to proceed *in forma pauperis*—in other words, without prepaying the filing fee. (Pl.'s Mot., ECF No. 3.) As an initial matter, the Court is unable to discern if Anglin satisfies the financial eligibility requirements to proceed without prepaying her fees. Additionally, from her complaint, the Court is unable to ascertain whether Anglin has any viable claims. Accordingly, the Court **denies** Anglin's motion to proceed *in forma pauperis* (**ECF No. 3**), without prejudice, and **strikes** her complaint, with leave to amend (**ECF No. 1**).

### 1. Motion to Proceed *In Forma Pauperis*

A federal court may authorize a person to commence a lawsuit without having to prepay court fees, if the person is unable to pay. 28 U.S.C. § 1915(a)(1). The requesting plaintiff must submit an affidavit disclosing her assets and liabilities in support of the assertion that she is not able to pay. (*Id.*) Based on deficiencies in Anglin's submission, the Court is unable to discern if she indeed satisfies these financial eligibility requirements.

Anglin submitted a form application to proceed before the Court without prepaying fees or costs. (**ECF No. 3**.) However, Anglin left approximately half of the application completely blank. Thus, the Court has no information as to, for example, Anglin's employment history or whether she has funds in a bank account. These omissions are particularly serious in light of the fact that the form Anglin used instructs applicants that they may "not leave any blanks." (*See id.*) Because Anglin did not follow these instructions, and failed to disclose the necessary financial information, the Court is unable to adequately assess whether she should be permitted to proceed without prepaying fees or costs.

Accordingly, if Anglin intends to move forward with this action, she must either pay the $402 filing fee or file an amended application to proceed *in forma pauperis* that supports her proceeding without prepaying her court fees.

**2. Complaint**

As best the Court can tell, Anglin's complaint appears to arise from four traffic tickets that she was issued in May 2023. (*See generally* Compl., ECF No. 1.) The legal and factual bases for Anglin's complaint, however, are not at all clear. As just one example, even though the complaint identifies "Office GL Trujillo 7316" as the sole Defendant, Anglin does not otherwise mention him at all in her pleading.  Indeed, the only other time Office GL Trujillo appears in Anglin's filing is in the exhibits to the complaint, from which the Court understands that he was the officer who issued Anglin's contested parking tickets. This is as far as the Court can get with the information provided, though.

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Further, "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Complaints that fail to comply with these rules are often referred to as "shotgun pleadings." *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015).

"Courts in the Eleventh Circuit have little tolerance for shotgun pleadings." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1294-95 (11th Cir. 2018). They violate Federal Rules of Civil Procedure 8 and 10, "waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts." *Id.* (cleaned up). When presented with a shotgun pleading, a district court should strike the pleading and instruct the party to replead the case, assuming the litigant can "in good faith make the representations required by Fed. R. Civ. P. 11(b)." *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1357-58 (11th Cir. 2018) ("This is so even when the other party does not move to strike the pleading"). Although "pro se pleadings are held to a less strict standard than pleadings filed by lawyers and thus are construed liberally," *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008), "[e]ven a pro se litigant is required to comply with the rules of procedure," *LaCroix v. W. Dist. of Kentucky*, 627 F. App'x 816, 818 (11th Cir. 2015).

Regardless of how charitably the Court construes Anglin's complaint, the contours of her allegations are nonetheless impossible to discern. Although she presents her claim on a pre-printed form captioned as a "COMPLAINT FOR VIOLATION OF CIVIL RIGHTS" and checks a box indicating that she's invoking

the Court's jurisdiction pursuant to § 1983, she supplies no facts or legal bases to support her case or any indication whatsoever that she has a viable § 1983 claim or any other cause of action. (*See* Compl., ECF No. 1.) Instead, she identifies "OFC GL Trujillo" as the only other relevant party and fills in other blank spaces on the pre-printed form with the phrase "in claim." (*Id.* at 4–5.) Presumably, this phrase refers to a handwritten, three-page "Affidavit" (also labeled as a "Motio[n] Statement") that Anglin attaches to the pre-printed form. (ECF No. 1-3.) But, apart from listing "OFC GL Trujillo" in the case caption, the Affidavit does not mention him at all.

The only other information Anglin supplies consists of a form "Motion for Relief," which seems to have been filed in the County Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, and requests that that court remove certain parking tickets presumably issued by the Defendant, Officer GL Trujillo. (*See id.*) Even after reviewing these attachments, however, the Court is unable to discern even a hint of a viable claim for relief. In sum, notwithstanding the relaxed pleading standard afforded to pro se litigants, Anglin's pro se complaint does not come close to stating a claim for which relief may be granted. *See Abele v. Tolbert,* 130 F. App'x 342, 343 (11th Cir. 2005). Accordingly, the Court strikes her complaint as a shotgun pleading.

### 3. Conclusion

Accordingly, because the scant allegations in Anglin's complaint make it impossible for the Court to discern the nature of her suit, the Court **strikes** her complaint, with leave to amend. (**ECF No. 1**.) If Anglin believes she can amend her complaint, in good faith, to state a viable cause of action, she must do so on or before **November 13, 2023**.

In addition, if Anglin amends her complaint, by that same date, she must either pay the $402 filing fee or file an amended, complete application to proceed *in forma pauperis* that explains why she cannot afford the fee. If Anglin fails to comply with this order or meet these deadlines, the Court will dismiss this case, albeit without prejudice.

In the meantime, while there is no operative complaint, the Court directs the Clerk to administratively **close** this case. Any pending motions are **denied as moot**.

**Done and ordered** at Miami, Florida, on October 30, 2023.

_____
Robert N. Scola, Jr.
United States District Judge